# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **DONALD DOHERTY** and  **CHRISTINA DOHERTY,**     Plaintiffs,  v.  **SALEM FIVE CENTS SAVINGS BANK,**     Defendant. | CIVIL ACTION No. 13-40016-TSH |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
### May 21, 2013

**HILLMAN, J.**

### Background

This action ultimately arises out of foreclosure proceedings initiated by Defendant, Salem Five Cents Savings Bank. Plaintiffs, Donald and Christina Doherty, filed a complaint seeking quiet title to the disputed property (50 Quinapoxet Street, Holden Massachusetts), statutory damages under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 et seq. ("FDCPA"), damages for extreme mental anguish as well as costs and attorney's fees. Construing the pro se Plaintiffs' Complaint liberally,[1] Plaintiffs make three claims: (1) that Defendant violated 15 U.S.C. §§ 1692e-1692f by sending a dunning letter on May 16, 2012 that failed to properly

---

[1] When a plaintiff is proceeding pro se, the plaintiff's complaint and other filings are "liberally construed." *Erikson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (per curiam) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). However, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts. *See id.*

document the existence of a valid debt, (2) that Defendant's May 16, 2012 letter violated the FDCPA by "overshadowing" any consumer debt-collection notices included in the letter, and (3) in the absence of a valid debt, Defendant's May 16, 2012 dunning letter, constituted either negligence or fraud. Defendant moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6) and the doctrines of res judicata and/or collateral estoppel. For the following reasons, Defendant's Motion to Dismiss is granted.

## Admissibility of Evidence

Where a party filing or opposing a motion to dismiss under Rule 12(b)(6) presents matters outside the pleadings which are considered by the court, the motion to dismiss will be treated as one for summary judgment in accordance with Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b)(6); *Trans-Spec Truck Serv. Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). However, courts may consider documents the authenticity of which are not in dispute—such as public records—without converting the motion into one for summary judgment. *Id.*

Here, Defendant's motion to dismiss was filed with twenty two extrinsic exhibits. Of these documents, a small number are public records or documents substantially incorporated into Plaintiffs' complaint by reference, but the majority are not and therefore will not be considered for the purposes of a motion to dismiss.[2] I will not convert this motion to a Rule 56 motion for summary judgment as I am able to reach a dispositive outcome without considering Defendant's unauthenticated submissions.[3]

---

[2] Exhibits J, O, P, R, and S as attached to the motion to dismiss are all documents from this various actions the Land Court Department of the Massachusetts Trial Court and the United States Bankruptcy Court. As such they are public records that may be properly considered with this motion to dismiss. Exhibit V is this Court's prior order denying Plaintiffs' motion for injunctive relief.

[3] The Court views Defendant's attempt to insert these extrinsic documents as an attempt to cut corners and avoid the more stringent pleading requirements of Rule 56. Additionally, the Court notes that as filed, these documents suggest that Defendant's debt collectors may have contacted Plaintiffs directly (on October 25, 2011) even after learning that Plaintiffs were represented by an attorney (having received notice on September 29, 2011).

**Collateral Estoppel**

*Standard of Review*

Defendant asserts that the doctrine of res judicata precludes Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1).  "Federal res judicata principles govern the res judicata effect of a judgment entered in a prior federal suit, including judgments of the bankruptcy court." *In re Iannochino*, 242 F.3d 36, 41 (1st Cir. 2001); *see FDIC v. Shearson–American Express, Inc.*, 996 F.2d 493, 496 (1st Cir. 1993); *In re El San Juan Hotel Corp.*, 841 F.2d 6, 9 (1st Cir. 1988).  Issue preclusion (also called collateral estoppel) "prevents a party from relitigating issues that have been previously adjudicated."  *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012) (quoting *Rodríguez–García v. Miranda–Marín*, 610 F.3d 756, 770 (1st Cir. 2010)).  The doctrine applies to issues of fact as well as those of law and can apply where the subsequent proceeding involves a cause of action different from the first.  *Id.* (internal citations omitted).  Issue preclusion may be applied to bar relitigation of an issue decided in an earlier action where: (1) the issues raised in the two actions are the same; (2) the issue was actually litigated in the earlier action; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was necessary to that judgment.  *Id.* (citing *FleetBoston Fin. Corp. v. Alt*, 638 F.3d 70, 79 (1st Cir. 2011)).

*Analysis*

Prior to initiating this action, Plaintiffs filed for chapter 7 bankruptcy in U. S. Bankruptcy Court.[4]  In their schedules and statements submitted to the Bankruptcy Court during those proceedings, Plaintiffs identified the mortgage and note for 50 Quinapoxet Street as a valid debt obligation, and they further identified Salem Five Cents Savings Banks as the creditor for this

---

[4] Although they are currently proceeding pro se, Plaintiffs were represented by counsel in their bankruptcy proceeding.

3

debt.[5] The Bankruptcy Court accepted Plaintiffs' submissions and issued an order on May 11, 2012, discharging Plaintiffs from their dischargeable debts. Defendant, seeking to foreclose the property at 50 Quinapoxet Street, moved for relief from stay on July 11, 2012. The Bankruptcy Court granted this motion on July 30, 2012, noting that "due notice" had been given, "good cause" had been shown and "no objection" was filed. Upon service of this order, the Bankruptcy Court discharged the Trustee and closed the case.

In granting that motion (and subsequently closing the case) the Bankruptcy Court necessarily found that the Defendant held a valid and enforceable note secured by an equally valid mortgage covering the property at 50 Quinapoxet Street, Holden MA. Plaintiffs failed to challenge the validity of this particular debt when given the opportunity, and moreover they voluntarily identified it as valid when filing for bankruptcy protection. Thus the requisites for issue preclusion are met, and Plaintiffs are precluded from challenging the validity of their debt to Defendant in this action. Plaintiffs' third claim, alternately characterized as negligence and fraud, relies upon the non-existence of a valid debt held by Defendant against Plaintiffs and is therefore precluded by the prior Bankruptcy Court action.

### Failure to State a Claim

Res judicata does not, however, preclude all of Plaintiffs' claims. 15 U.S.C. §§ 1692e, 1692f do allow civil plaintiffs to proceed with a claim where a debt collector attempts to collect an otherwise valid debt using improper methods. Plaintiffs' first and third claims under these sections require additional analysis. Defendant alleges that under Rule 12(b)(6), Plaintiffs' have failed to plead fact sufficient to support a claim under sections 1692e and 1692f.

---

[5] The Court notes that Plaintiffs also indicated that they intended to voluntarily surrender 50 Quinapoxet Street.

*Standard of Review*

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ruiz v. Bally Total Fitness Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard set forth in Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, (1986)). A complaint will not suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. The Court need not consider "bald assertions [or] unsupportable conclusions." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 557. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant has acted unlawfully. *Id.*

*Analysis*

In the light most favorable to the Plaintiff, the pleading does not adequately make out a claim for relief. Plaintiffs fail to identify any particularized facts sufficient to support their remaining claims. Although the May 16, 2012 dunning letter is referenced several times in the complaint, it is not included in Plaintiffs' submission, nor do Plaintiffs identify any specific language in the letter that constitutes the "direct, indirect, and valid threats of dire consequences to Plaintiff[s]" referenced in the complaint. *Compl.* at 7:5 (Docket No. 1). Plaintiffs also plead

5

that the letter was sent to them by Defendant, in which case the FDCPA does not apply as parties attempting to collect a valid debt held by themselves are generally not treated as "debt collectors" for the purposes of the FDCPA.[6]  15. U.S.C. § 1692a(6).

Similarly Plaintiffs' claim of overshadowing does no more than conclusively state that "Defendant's "Bill" meets the definition of overshadowing.  The overshadowing in the document sent to Plaintiff stated to "balance due" and "account paid in full which overshadows the consumer warning on the document" [sic].  *Compl.* at 7:9-11 (Docket No. 1).  No additional facts or details are plead.  Such naked assertions are insufficient to support a cause of action.

### Conclusion

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 12) is **GRANTED**.

**SO ORDERED**.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[6] Nor does the Complaint indicate that Defendant took any other actions that would render it a "debt collector" for FDCPA purposes, such as concealing its identity in attempting to collect the debt, or acquiring the debt only after default.  15. U.S.C. § 1692a(6).